UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANET RAYMOND, | ) |
|     Plaintiff/ Counterclaim Defendant, | ) |
| v. | ) Case No. 04-72725 |
| GEORGE RAYMOND, | ) Hon. George Caram Steeh |
|     Defendant/ Cross-Claim Defendant, | ) |
| and | ) |
| STATE OF MICHIGAN, | ) |
|     Defendant, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant/ Counterclaim Plaintiff/ Cross-Claim Plaintiff. | ) |

**CONSENT JUDGMENT**

Plaintiff having filed a Complaint against the Defendants to foreclose a mortgage on certain real property owned by Defendant George Raymond, which is also subject to tax liens of the Defendant United States of America (which has counterclaimed and cross-claimed for foreclosure) and tax liens of the Defendant State of Michigan; the State of Michigan having disclaimed any interest in the subject real property and having been dismissed from the action; the remaining parties

having agreed to the entry of this consent judgment; and the Court being duly and fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** that the Plaintiff, Janet Raymond, has a valid and enforceable first mortgage lien on certain real estate (hereinafter referred to as the "Baseline Property") located in Rives Township, Jackson County, Michigan and legally described as:

> That part of North ½ of Northwest fractional ½ lying Easterly of center of Leslie Creek, except all that part thereof lying within the boundaries of the following described: Beginning in North line of Section 4 at a point 2673.83 feet West of Northwest corner of said section, thence 30˚04'19" East 439.55 feet, thence Northwesterly to a point in North line of Section 4 384.72 feet West of beginning, thence East 384.72 feet to beginning. Also, except beginning at Northwest corner of Section 4, thence East 1493.8 feet to a point which is the point of beginning of this excn, thence South 275 feet, thence East 200 feet, thence North 17˚36'30" East 288.52 feet, thence West 287.25 feet to beginning, Section 4, T1S, Rl W;

**IT IS FURTHER ORDERED AND ADJUDGED** that the United States has valid and enforceable liens against the property securing George Raymond's unpaid assessed federal income tax liabilities;

**IT IS FURTHER ORDERED AND ADJUDGED** that Janet Raymond's first mortgage lien on the Baseline Property has priority over the federal tax liens which arose with respect to the unpaid tax liabilities of George Raymond, but only to the extent that the mortgage encumbers the Baseline Property.  Janet Raymond's mortgage does not have priority to any claims the United States may have against any other property, and the federal tax liens attaching to the other property or rights to property of George Raymond, whether the property be held in his own name, or in the name of any alter ego, nominee, or transferee of George Raymond, are superior to Janet Raymond's mortgage;

**IT IS FURTHER ORDERED AND ADJUDGED** that Janet Raymond's first mortgage

lien on the Baseline Property has priority over all tax liens, judgments and any other claims of the Defendant State of Michigan against the Baseline Property;

**IT IS FURTHER ORDERED AND ADJUDGED** that, in settlement of a dispute between the United States and Janet Raymond as to the amount secured by Janet Raymond's first mortgage, the following terms shall govern the enforcement of Janet Raymond's first mortgage and of the federal tax liens with respect to the proceeds of any sale: (1) Janet Raymond shall receive 100% of "net cash proceeds", as defined in the next paragraph, up to $211,715, plus interest from November 1, 2005 (prorated for any partial month) at a rate of $475 per month until the $211,715 is paid; (2) the United States will receive 40%, and Janet Raymond will receive 60%, of any "net cash proceeds" in excess of the figure in clause (1) up to total "net cash proceeds" of $234,000; (3) the United States will receive 50%, and Janet Raymond will receive 50%, of any "net cash proceeds" in excess of $234,000 up to total "net cash proceeds" of $298,000; and (4) the United States will receive 60%, and Janet Raymond will receive 40%, of any "net cash proceeds" in excess of $298,000;

**IT IS FURTHER ORDERED AND ADJUDGED** that if the sale of the Baseline Property yields "net cash proceeds" (defined as the amount of proceeds remaining after the deduction of all costs of sale, including real estate taxes and a reasonable real estate agent's commission) of less than $211,715, plus $475 interest per month from November 1, 2005, as set forth in the prior paragraph, that the entire net cash proceeds shall be paid to Janet Raymond at the time of closing, and any deficiency against George Raymond shall be forgiven by Janet Raymond, and George Raymond shall be released from any property payment obligations established by the Judgment of Divorce between the Raymonds;

3

1453691.1

**IT IS FURTHER ORDERED AND ADJUDGED** that the proceeds, if any, received by the United States from the sale of the Baseline Property shall be applied to the federal tax liens against George Raymond, and toward the judgment against him in *United States v. George Raymond*, Case No. 01-429 (W.D. Mich.), but shall not release him from liability for the remainder of said judgment;

**IT IS FURTHER ORDERED AND ADJUDGED** that the United States shall forthwith make arrangements to sell the property by whatever means it chooses, including, if in its discretion, moving this Court for the appointment of a receiver in accordance with 26 U.S.C. § 7403(d);

**IT IS FURTHER ORDERED AND ADJUDGED** that Janet Raymond will cooperate in any manner necessary for the sale of the Baseline Property, including discharging her mortgage from the Baseline Property in the event that the proceeds of the sale are not adequate to satisfy her mortgage interest;

**IT IS FURTHER ORDERED AND ADJUDGED** that if at any time before the distribution of the net proceeds of the sale of the Baseline Property, George Raymond makes any payments to Janet Raymond, be they voluntary or involuntary, the balance due Janet Raymond shall be adjusted to take into account the payment received by Janet Raymond, and the payment shall also be applied to reduce the amount of Janet Raymond's mortgage claim that is to be accorded priority over the federal tax liens (*i.e.*, with corresponding reductions to all of the dollar figures specified above as levels at which the percentages for sharing the "net cash proceeds" are to be changed);

**IT IS FURTHER ORDERED AND ADJUDGED** that George Raymond shall have the

right to occupy the Baseline Property until the date and time of closing of the sale of the Baseline Property so long as he shall pay all real estate taxes, insurance and maintenance costs on the Baseline Property, which are billed (prior to the date he vacates), and so long as he cooperates with all efforts to sell the Baseline Property, and agrees to and does vacate the property no later than the date and time of the closing of the sale.

**IT IS FURTHER ORDERED AND ADJUDGED** that Janet Raymond shall have no other claim to any other assets of George Raymond (other than the Baseline Property), including, but not limited to, the following properties:

The following described lands and premises situated in the City of Mason, County of Ingham:

1. West 2/3 of Lot 3, Block 17
2. East 2/3 of Lot 2, Block 17
3. North 41 feet of Lot 9, Block 17

And following described lands and premises situated in the Township of Leslie, County of Ingham, and State of Michigan, viz:

South ½ of Northeast ¼, except MCRR and Elec Rwy. on Section 15, TIN R1W, 75.50 A.

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction to enforce this order and enter such further orders as may be necessary to enable the sale of the Baseline property.

**IT IS FURTHER ORDERED AND ADJUDGED** that each party shall pay all of its own costs (including attorney's fees) incurred in the pursuit of this litigation.

Dated: December 22, 2005

                                                s/George Caram Steeh
Honorable George Caram Steeh
U.S. District Judge

Dated: December 21, 2005                    s/John Noud (with permission)
_____
John L. Noud
Attorney for Plaintiff Janet Raymond
155 W. Maple, P.O. Box 316
Mason, MI 48854-0316
Tel: 517/676-6010  Fax: 517/676-6035

Dated:  December 20, 2005                 s/ Richard C. Ambrow
_____
Richard C. Ambrow
Attorney for United States of America
Trial Attorney, Tax Division
US Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, DC  20044
Tel: 202/307-6574  Fax: 202/514-5238
Richard.C.Ambrow@usdoj.gov

Dated: December 21, 2005                    s/Christopher A. Bergstrom
                                                          (with permission)
_____
Christopher A. Bergstrom
Attorney for George Raymond
Farhat & Story, PC
1003 N. Washington Ave.
Lansing, MI 48906
Tel: 517/351-3700  Fax: 517/332-4122